No. 04-01-00166-CV



Fernando D. LAUREL, Jr.,


Appellant



v.



Jorge GUTIERREZ,


Appellee




From the 49th Judicial District Court, Webb County, Texas


Trial Court No. 1995-CVF-001302-D1


Honorable Solomon Casseb, Jr., Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: May 9, 2001


DISMISSED FOR LACK OF JURISDICTION

 Fernando G. Laurel, Jr. appeals the trial court's November 1, 2000 summary judgment against
him in his breach of contract action against Jorge Gutierrez. However, because that judgment is not
final, we dismiss the appeal. 

 Laurel sued Gutierrez for breach of an earnest money contract for the sale of property.
Gutierrez filed a counterclaim, alleging Laurel breached the contract and seeking recovery of
damages, attorneys' fees, and costs. Gutierrez also filed a third party action against Webb County
Title & Abstract Co., Inc., alleging that any damages suffered by Laurel were caused by the title
company's breach of its contract with Laurel. Gutierrez sought recovery from the title company of
any amounts awarded against him, attorneys' fees, and costs. Gutierrez then filed a motion for
summary judgment on Laurel's breach of contract claim. On November 1, 20001, the trial signed an
order granting the motion, decreeing that Laurel take nothing by his action against Gutierrez, and
assessing costs against Laurel. The order is entitled "Final Summary Judgment" and recites that "[a]ll
such other relief sought by way of this action not specifically provided by this judgment is hereby
denied." The trial court did not sign a severance order.

 A summary judgment order is final for purposes of appeal only if it either "actually disposes
of every pending claim and party or ... it clearly and unequivocally states that it finally disposes of all
claims and all parties." Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). Neither the
inclusion of a Mother Hubbard clause or equivalent language nor use of the word "final" in the title
"indicate[s] that a judgment rendered without a conventional trial is final for purposes of appeal." Id.
at 203-205.

 The trial court's November 1 order disposes of Laurel's claim against Gutierrez; however,
it does not dispose of Gutierrez's counterclaim or of his third party action against the title company.
Nor does the order "state[] with unmistakable clarity that it is a final judgment as to all claims and
all parties." Id. at 192-93. The court's inclusion of a Mother Hubbard clause "cannot be taken as any
indication of finality." Id. at 204. The trial court's November 1, 2000 summary judgment is therefore
not final and appealable. 

 In response to a show cause order from this court, Laurel filed a motion to dismiss or to sever
in the trial court. The trial court denied the motion and set Gutierrez's counterclaim and third party
claim for trial on August 13, 2001. Laurel has filed a motion requesting we abate this appeal until
those claims are disposed of in the trial court. We deny the motion and dismiss the appeal for lack of
jurisdiction. 

 PER CURIAM

Do not publish